UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENA BURGE, LEIGH HOCKETT, JORDAN FURLAN, CRISTINE RIDEY, PATRICIA SAWCZUK, and ANNE ARUNDEL COUNTY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PARENTERAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA SALES & MARKETING, INC., and CEPHALON, INC.,<br><br>Defendants. | Miscellaneous Action No. 25-mc-91527-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Teva Parenteral Medicines, Inc., Teva Neuroscience, Inc., Teva Sales & Marketing, Inc., and Cephalon, Inc. (collectively, "Defendants" or "Teva"), Defendants in Burge v. Teva Pharm. Indus., Ltd., No. 22-cv-02501 (D. Kan. filed Dec. 2, 2022) (the underlying action), and non-party attorney Christopher T. Holding filed a motion to quash the subpoena for the deposition of Mr. Holding (the "Motion to Quash") on November 10, 2025. [ECF No. 1]. Subsequently, on November 14, 2025, Dena Burge, Leigh Hockett, Jordan Furlan, Cristine Ridey, Patricia Sawczuk, and Anne

Arundel County, individually and on behalf of all others similarly situated, Plaintiffs in the underlying action (collectively "Plaintiffs"), moved to transfer the Motion to Quash to the issuing court, the District of Kansas (the "Motion to Transfer"). [ECF No. 18]. Plaintiffs contend that the transfer of venue should be allowed under Federal Rule of Civil Procedure 45(f) due to exceptional circumstances. See generally [ECF No. 19]. On November 28, 2025, Defendants and Mr. Holding filed an opposition to Plaintiff's Motion to Transfer, [ECF No. 31], and Plaintiffs replied on December 8, 2025, [ECF No. 37]. For the reasons that follow, Plaintiffs' Motion to Transfer is **GRANTED**.

I.      BACKGROUND

Plaintiffs filed the underlying action in the United States District Court for the District of Kansas on December 2, 2022, and the case was assigned to District Judge Crabtree and Magistrate Judge James. [ECF No. 19 at 7]. Plaintiffs allege that in settling two patent lawsuits, Teva, Mylan Inc. ("Mylan"), and Mylan's business partner, Pfizer Inc. ("Pfizer"), entered a "trade-for-delay" agreement where Teva agreed to delay its entry into the generic EpiPen market in exchange for Mylan/Pfizer's delayed entry into the generic market for Teva's drug, Nuvigil. [Id. at 5–6]. Plaintiffs assert that these agreements "unlawfully extended both companies' monopolies," which inflated drug prices, and that Defendants hid the connection between the two settlements. [Id. at 6]. Teva moved to dismiss Plaintiffs' complaint, "arguing, among other things, that the statute of limitations barred Plaintiffs' antitrust claims." [Id. at 7]. Judge Crabtree held that Plaintiffs had sufficiently alleged that the statute of limitations should be tolled and bifurcated discovery, with Phase I limited to statute of limitation issues, including tolling, the discovery rule, and fraudulent concealment. [Id.]. Plaintiffs allege that Goodwin Procter attorneys who represented Teva, including Mr. Holding, were involved with drafting the

reciprocal settlements, reviewing public statements and press releases, and communicating with regulators, and therefore played a role in Teva's efforts to conceal the trade-for-delay scheme. [Id. at 6]; see [ECF No. 29 at 5–7].

In July 2024, Plaintiffs served their initial Phase I discovery requests on Defendants, including a request for communications between regulators and Goodwin Procter attorneys. [ECF No. 19 at 8]. In April 2025, Plaintiffs moved to compel production of certain documents from Teva's privilege log, arguing that they fell within the crime-fraud exception. [Id.]. In July 2025, Magistrate Judge James found that "Plaintiffs had made a prima facie showing of fraudulent concealment." [Id.]. Magistrate Judge James then conducted an *in camera* review of 46 documents, and on October 7, 2025 ordered Teva to produce 30 unredacted documents, finding that they were probative of Plaintiffs' allegations that Defendants and their attorneys had engaged in fraudulent concealment. [Id. at 8–9]. Teva filed objections to Magistrate Judge James' finding, and those objections remain pending before District Judge Crabtree. [Id. at 9].

Plaintiffs have also issued a document subpoena to Goodwin Procter and filed an associated motion to compel (the "Motion to Compel") which remains pending in the Central District of California and raises similar privilege-related issues. [ECF No. 37 at 10]; Burge v. Teva Pharm. Indus., Ltd., No. 25-mc-00121 (C.D. Cal. Nov. 21, 2025).

## II.     MOTION TO TRANSFER

### A.     Legal Standard

Federal Rule of Civil Procedure 45(c)(1) provides that the place of compliance for a subpoena commanding a person to attend a deposition is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Under Rule 45(d)(3), motions to quash, like other subpoena-related motions, "are to be filed in the district court where

3

compliance is required." Gebka v. EverQuote, Inc., No. 21-mc-91391, 2021 WL 3131549, at *1 (D. Mass. July 23, 2021). Rule 45(f) permits the transfer of subpoena-related motions to the issuing court only "if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Note for Rule 45 states:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment, subdiv. (f).

### B.    Discussion

Mr. Holding resides and is licensed to practice law in Massachusetts. [ECF No. 31 at 15]. Accordingly, compliance with his deposition subpoena and the associated subpoena-related motion practice would take place in this district unless Mr. Holding has consented to transfer or Plaintiffs demonstrate that exceptional circumstances exist. See Gebka, 2021 WL 3131549, at *2.

Mr. Holding does not consent to transfer of the Motion to Quash to the court of issuance. [ECF No. 31 at 9]. Plaintiffs contend, however, that the following interests constitute exceptional circumstances that weigh in favor of transfer: (1) the issuing court's familiarity with the underlying action and how the issues in the underlying action relate to the Motion to Quash; (2) the potential for inconsistent rulings and the resulting impact on the issuing court's ongoing discovery management; and (3) judicial efficiency and economy. [ECF No. 19 at 12–16].

4

Plaintiffs further assert that transferring the Motion to Quash will not unduly burden Mr. Holding.  [Id. at 16–17].

The Court begins with the potential for inconsistent rulings and the possible impact on the issuing court's ongoing discovery management.  The issuing court has been managing Phase I discovery in the underlying matter for over a year and a half, including conducting *in camera* review of documents relevant to issues that are central to multiple ongoing discovery disputes such as Defendants' and Mr. Holding's Motion to Quash, Defendants' objections to Magistrate Judge James' order compelling the production of certain documents from Teva's privilege log, and Plaintiffs' Motion to Compel in the Central District of California.  The same privilege and crime-fraud issues underlie each of these discovery disputes, and transfer of the Motion to Quash to the issuing court would prevent conflicting resolutions of these motions and promote coherent management of the bifurcated discovery process in the underlying matter.

Further, while familiarity with the underlying matter does not in and of itself justify a transfer, see Gebka, 2021 WL 3131549, at * 3 (citing Isola USA Corp. v. Taiwan Union Tech. Corp., No. 15-mc-94003, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015)), "it is a compelling factor in 'highly complex' cases where the issuing court is aware of 'the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation,'" In re Nat'l Prescription Opiate Litig., No. 23-mc-00945, 2023 WL 5659047, at *3 (W.D. Tex. Aug. 30, 2023) (quoting In re Niaspan Antitrust Litig., No. 15-cv-01209, 2015 WL 3407543, at *1 (D. Md. May 26, 2015)).  Resolving the Motion to Quash would require this Court to develop an understanding of multiple complex procedural and substantive issues in the underlying antitrust class action, including the regulatory history of Defendants' generic-drug approvals, the Plaintiffs' conspiracy and fraudulent concealment allegations, and the existing

privilege rulings. Judge Crabtree and Magistrate Judge James have examined these issues over the course of the past three years in the current matter, as well as during the predecessor litigation involving Mylan and Pfizer, see [ECF No. 37 at 5], and are best positioned to resolve the Motion to Quash. Centralization of the multiple discovery decisions in one forum will also promote judicial efficiency and economy by preventing redundant motion practice and the review of sealed materials in three different courts.

Considering that Mr. Holding is actively litigating the underlying matter in the District of Kansas, and has been admitted *pro hac vice* in that district, [ECF No. 37 at 13], and given the possibility of conducting hearings remotely as needed, any burden that would be placed on Mr. Holding by disputing the subpoena in the District of Kansas would be slight and is outweighed by the exceptional circumstances discussed *supra*.

### III.   CONCLUSION

For these reasons, Plaintiffs' Motion to Transfer, [ECF No. 18], is **GRANTED**. It is hereby ordered that Defendants and Mr. Holding's Motion to Quash, [ECF No. 1], is **TRANSFERRED** to the United States District Court for the District of Kansas.

SO ORDERED.

January 6, 2026                                             */s/ Allison D. Burroughs*
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE